IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NICHOLAS MILLER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>WOOD BROTHERS HOLDINGS, LLC,<br><br>Defendant. | Case No. 1:23-cv-00048-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I.  INTRODUCTION

Before the Court is a Motion to Stay or to Dismiss filed by Defendant Wood Brothers Holdings, LLC ("WBH"). Dkt. 6. Plaintiff Nicholas Miller did not respond, and the time to do so has now passed. The matter is ripe for the Court's consideration.

Having reviewed the record and the briefs, the Court finds that the facts and legal arguments are adequately presented and that the decisional process would not be significantly aided by oral argument. Accordingly, the Court will rule on the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Upon review, and for the reasons set forth below, the Court DENIES the Motion.

## II. BACKGROUND

Plaintiff Nicholas Miller is a disabled individual who uses a wheelchair for mobility purposes. Miller describes himself as "an independent advocate of the rights of similarly situated disabled persons." Dkt. 1, at 2. His advocacy involves, in part, visiting places of

public accommodation to determine whether those places comply with the accessibility requirements of the Americans with Disabilities Act ("ADA"). If Miller believes that a particular establishment is not ADA compliant, he sues for injunctive relief.[1]

Miller alleges that, in June 2022, he attempted to patronize a property owned by WBH, but that multiple "physical barriers, dangerous conditions and ADA violations" prevented his "full and equal enjoyment of the [property]." *Id.* at 7. As a result of this visit, Miller initiated the present suit.

Shortly after receiving a Summons, WBH moved to stay this action pending the Supreme Court's resolution of *Acheson Hotels, LLC v. Laufer*, 601 U.S. 1 (2023). Dkt. 6-1. Alternatively, WBH requested the Court to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of standing. *Id.* at 5–6.

### III. LEGAL STANDARDS

If a court determines that a plaintiff lacks standing, it must dismiss the action for lack of subject matter jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (referring to standing as an "irreducible constitutional minimum"); *see also* Fed. R. Civ. P. 12(h)(3) (stating that district courts must dismiss cases over which they lack subject matter jurisdiction). Standing has three requirements. *Id.* "First, the plaintiff must have suffered an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Id.* (cleaned up). Next, "there must be a causal connection between the injury and the conduct complained

---

[1] In addition to the present suit, Miller currently has seven other ADA suits before the Court.

of—the injury has to be fairly traceable to the challenged action of the defendant." *Id.* (cleaned up). Finally, it must be likely, and not merely speculative, that a favorable decision would redress the injury. *Id.* at 561. "The party asserting federal jurisdiction bears the burden of establishing these requirements at every stage of the litigation . . . ." *Krottner v. Starbucks Corp*, 628 F.3d 1139, 1141 (9th Cir. 2010).

In the Ninth Circuit, if a court dismisses a complaint for lack of standing (or any other reason), it should grant the plaintiff leave to amend the complaint unless it is beyond doubt that the complaint could not be saved by an amendment. *See Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009).

## IV. ANALYSIS

As mentioned above, to show standing, a plaintiff must "demonstrate that he has suffered an injury-in-fact, that the injury is traceable to the [defendant's] actions, and that the injury can be redressed by a favorable decision." *Chapman*, 631 F.3d at 946; *see also Lujan*, 504 U.S. at 560–62. To establish an injury-in-fact, a plaintiff bringing an ADA discrimination claim must show "he encounter[ed] a barrier at a place of public accommodation that deprive[d] him of full and equal enjoyment of the facility due to his particular disability." *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 907 (9th Cir. 2011) (cleaned up). The Ninth Circuit has elaborated that establishing an injury-in-fact requires a plaintiff to describe the alleged barriers with specificity *and* connect those barriers to the plaintiff's disability. *Chapman*, 631 F.3d at 954; *see also Kohler v. Bed Bath & Beyond of California, LLC*, 2012 WL 2449928, at *5 (C.D. Cal. June 27, 2012) (stating that an ADA plaintiff must "identify the nexus between the alleged ADA-noncompliant barrier and the

plaintiff's disability status").

In *Chapman*, an ADA plaintiff alleged that he encountered architectural barriers at a Pier 1 Imports that, because of his disabilities, denied him full and equal access to the store. 631 F.3d at 943. However, in his complaint, the plaintiff simply listed barriers that he perceived to be ADA violations, "without connecting the alleged violations to [his] disability." *Id.* at 954. This approach was deemed "jurisdictionally defective," because it left the court guessing as to how the listed barriers personally impacted the plaintiff. *Id.* at 954–55.

In Miller's complaint, he states that he uses a wheelchair, then he lists thirteen separate ways in which he believes the WBH property violates the ADA. Dkt. 1, at 2, 7–11. The alleged violations include lack of accessible parking, lack of accessible routes into the building, inadequate signage, and insufficient maintenance practices. *Id.* at 7–11. Miller states flatly that these violations "made it dangerous" for him to utilize the property, caused him "loss of opportunity," and denied him access equal to that of WBH's able-bodied patrons. *Id.* at 8–11, 12. However, these allegations of danger and unequal access, without more, do not rise to the level of specificity required by *Chapman*. Under *Chapman*, Miller is required to connect the alleged violations to his disability. *Chapman*, 631 F.3d at 955. This would mean, at the very least, explaining the dangers that the lack of accessible parking, lack of accessible routes, inadequate signage, and insufficient maintenance pose to someone in a wheelchair. Instead, like the plaintiff in *Chapman*, Miller leaves the Court in the dark as to how the alleged violations impacted his beneficial use of the premises. While it is true that courts should interpret civil rights complaints generously, "a liberal interpretation of a civil

rights complaint may not supply essential elements of the claim that were not initially pled." *Id.* at 954 (cleaned up).

Because Miller did not identify the nexus between the property's alleged ADA violations and his own disability, his Complaint is jurisdictionally defective. However, the Complaint could likely be saved by amendment. *See Harris*, 573 F.3d at 737. Accordingly, Miller will have thirty (30) days from the issuance of this Order to file an Amended Complaint. If the Amended Complaint lacks the level of specificity required by *Chapman*, the Court will dismiss the Amended Complaint sua sponte, or if Miller fails to file an Amended Complaint, the Court will dismiss this case in its entirety. *See* Fed. R. Civ. P. 12(h)(3).

Having arrived at the conclusion outlined above, the Court deems it unnecessary to address WBH's arguments regarding the imposition of a stay except to note that *Acheson Hotels* ultimately did *not* address the standing implications created by litigants like Miller, who file numerous ADA complaints against businesses they may or may not intend to visit. *See* 601 U.S. at 3–5.

## V. CONCLUSION

Miller's Complaint lacks the specificity necessary to establish the injury-in-fact component of standing. Because this fault could be remedied by an amendment to the Complaint, the Court grants Miller thirty (30) days from the issuance of this Order to file an Amended Complaint. If he does not do so, or if the Amended Complaint does not remedy the Court's standing concerns discussed herein, the Court will dismiss this case in its entirety.

## VI. ORDER

Now, therefore, **IT IS HEREBY ORDERED**:

1. WBH's Motion to Stay or to Dismiss (Dkt. 6) is DENIED.

2. Miller has thirty (30) days from the issuance of this Order to file an Amended Complaint, remedying the Court's standing concerns raised herein.

    a. Failure to file, or failure to remedy the Court's concerns, will result in dismissal.

DATED: June 28, 2024

David C. Nye
Chief U.S. District Court Judge